```
                                          ┌─────────────────────────────┐
                                          │ USDC SDNY                   │
                                          │ DOCUMENT                    │
UNITED STATES DISTRICT COURT              │ ELECTRONICALLY FILED        │
SOUTHERN DISTRICT OF NEW YORK             │ DOC #: _____          │
------------------------------------x     │ DATE FILED: 5/24/06         │
Hyung Sun Kim,                            └─────────────────────────────┘
                    Plaintiff,
                                          01 Civ. 1311 (DAB)
          -against-                       MEMORANDUM & ORDER

Leo Ring, Frank Ring and Michael Ring,

                    Defendants.
------------------------------------x
```

DEBORAH A. BATTS, United States District Judge.

Plaintiff Hyung Sun Kim ("Plaintiff") filed the above captioned case against Defendants Frank Ring, Leo Ring and Michael Ring ("Ring Defendants" or "Rings"). Plaintiff alleges that on February 24, 1998, he sustained injuries when he fell through a suspended ceiling while retrieving goods for his employer, David & Young, Inc. ("David & Young"). Plaintiff sustained those injuries on the premises that his employer leased from the Ring Defendants.[1] (Compl. 3-5; Pl.'s Aff. at 1-2.) Now before the Court is the Ring Defendants' Motion for Summary Judgment pursuant to Rule 56 of the Federal Rules of Civil

---

[1] Defendants Michael and David Ring, who are successors to the trust under the will of Leo Ring, and to whom the premises was transferred from Leo Ring on January 30, 1980, owned the building where David & Young leased the ground floor. (F. Ring's Dep. at 8, 9, 23.) David & Young and the Ring Defendants had signed two previous leases prior to the lease that was in effect at the time of Plaintiff's accident – one in 1981, and another in 1984. The lease in effect at the time of the accident commenced on August 1, 1994, and ended January 31, 1999. (Id. at 11, 15, 22-23.)

1

Procedure. For the reasons contained herein, Defendants' Motion for Summary Judgment is hereby DENIED.

On the day of the injury, Plaintiff was asked by his employer to retrieve a bag of scarves from above what Plaintiff refers to as a "vestibule". (See generally Pl.'s Mem of Law.) Upon doing so, Plaintiff fell through the ceiling of this "vestibule" and struck his face and shoulder on the handle of a dolly. (Yoo Dep. at 34-35.) Plaintiff also sustained a knee injury. (Pl. Dep. at 28, 31.)

The Ring Defendants allege that they are entitled to summary judgment because they did not have actual or constructive notice of the drop ceiling's precariousness or accessibility. Without notice of the condition, Defendants argue that they were under no obligation to remedy it. They further contend that whatever duty they might have had to maintain the premises was strictly limited to structural damage, not "transient", cosmetic conditions. (Defendants' Memorandum in Support of Motion for Summary Judgment, August 2, 2004, hereinafter "Def's. Mem.," at 1.) The drop ceiling, Defendants contend, is no more than a transient condition. (Id. at 30.)

The Ring Defendants contend that they were not on constructive notice of the drop ceiling's condition for three reasons: (1) they never reserved the "vestibule" as a public portion of the building; (2) the Ring Defendants' right of entry

2

limited their constructive notice to specific violations of the municipal administrative code, of which the drop ceiling's condition was not; and (3) the Ring Defendants' contractual obligations to make structural repairs did not apply to the drop ceiling since the entrance vestibule was not a structural defect, but rather a "transient, non-structural" condition.

A district court should grant summary judgment when there is "no genuine issue as to any material fact," and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); see also Hermes Int'l v. Lederer de Paris Fifth Ave., Inc., 219 F.3d 104, 107 (2d Cir. 2000). Genuine issues of material fact cannot be created by mere conclusory allegations; summary judgment is appropriate only when, "after drawing all reasonable inferences in favor of a non-movant, no reasonable trier of fact could find in favor of that party." Heublein v. United States, 996 F.2d 1455, 1461 (2d Cir. 1993) (citing Matsushita Elec. Industr. Co. v. Zenith Radio Corp., 475 U.S. 574, 587-88, 106 S. Ct. 1348, 89 L. Ed. 2d 538 (1986)).

In assessing when summary judgment should be granted, "there must be more than a 'scintilla of evidence' in the non-movant's favor; there must be evidence upon which a fact-finder could reasonably find for the non-movant." Id. (citing Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 252, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986)). While a court must always "resolv[e]

ambiguities and draw[ ] reasonable inferences against the moving party," Knight v. U.S. Fire Ins. Co., 804 F.2d 9, 11 (2d Cir. 1986) (citing Anderson), the non-movant may not rely upon "mere speculation or conjecture as to the true nature of the facts to overcome a motion for summary judgment." Id. at 12. Instead, when the moving party has documented particular facts in the record, "the opposing party must 'set forth specific facts showing that there is a genuine issue for trial.'" Williams v. Smith, 781 F.2d 319, 323 (2d Cir. 1986) (quoting Fed. R. Civ. P. 56(e)). Establishing such facts requires going beyond the allegations of the pleadings, as the moment has arrived "'to put up or shut up.'" Weinstock v. Columbia Univ., 224 F.3d 33, 41 (2d Cir. 2000) (citation omitted). Unsupported allegations in the pleadings thus cannot create a material issue of fact. Id.

The Court concludes that there are material issues of fact in this case. It is not clear from the record whether the drop ceiling is in a public or private space or whether deterioration of the drop ceiling might have been so substantial as to put the Ring Defendants on notice of its allegedly dangerous condition. The record does not make clear as a matter of law whether the top of the drop ceiling constituted part of the "vestibule" or whether the space into which Plaintiff fell has been properly labeled a "vestibule" in the first instance. The layout of the "vestibule" – including its ceiling and walls – and how the

4

"vestibule" structurally relates to the rest of the leased premises also shall be determined by a trier of fact.

Accordingly, the Ring Defendants' Motion for Summary Judgment is hereby DENIED. Proposed Requests to Charge and Proposed Voir Dire shall be submitted to this Court within 90 days of the date of this Order. A Joint Pre-trial Statement ("JPTS"), which shall conform to the Court's Individual Practices and Supplemental Trial Procedure Rules, shall be submitted within 25 days after the parties submit their Proposed Requests to Charge and Proposed Voir Dire. Memoranda of Law addressing those issues raised by the JPTS shall be submitted on the same day as the JPTS, and responses to those Memoranda shall be submitted no later than 10 days thereafter. There shall be no replies.

SO ORDERED.

Dated: New York, New York
May 24, 2006

*Deborah A. Batts*
DEBORAH A. BATTS
United States District Judge

5