UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
HYUNG SUN KIM

                        Plaintiff,

    -against-

LEO RING, FRANK RING, and MICHAEL RING,

                        Defendants,
------------------------------------------------------------X
LEO RING, FRANK RING, and MICHAEL RING
                        Third Party Plaintiffs,

    -against-

DAVID & YOUNG CO., INC,
                        Third Party Defendant,
------------------------------------------------------------X

**OPINION & ORDER**

01 CV 1311 (RPP)

**ROBERT P. PATTERSON, JR., U.S.D.J.**

### I. Introduction

On May 18, 2011, Defendants Leo Ring, Frank Ring, and Michael Ring ("Ring Defendants" or "Defendants") moved this court to preclude, or in the alternative, limit the testimony of Plaintiff's new expert, Harold Krongelb-Heimer, P.E. ("Mr. Krongelb-Heimer"). On May 19, 2011, Third Party Defendant David & Young Co., Inc. ("Third Party Defendant" or "David & Young") moved to preclude the proposed testimony of Mr. Krongelb-Heimer.

For the following reasons, Defendant's motion is granted in part and the Third Party Defendant's motion is denied.

### II. Background

On June 22, 2003, Plaintiff's expert, Richard Heimer, P.E., ("Mr. Heimer") conducted an inspection of the premises at issue in this case, 15 West 27th Street, New York. He provided a report of findings to Plaintiff's counsel by letter dated September 22, 2003. By order dated

1

November 12, 2003, Judge Batts, who formerly presided over the instant action, directed that discovery be completed within forty-five days. No expert disclosure was provided to Defendants until October 14, 2004, after the close of discovery. On this date, counsel was presented with an affidavit of Mr. Heimer dated October 14, 2004 and a report dated September 22, 2003.

This case was marked ready for possible imminent trial assignment by Judge Batts on August 25, 2010 and was assigned to Judge Conti's trial calendar on September 17, 2010. The case was re-assigned to this Judge on April 7, 2011. On that date, this Court set a trial date of May 23, 2011.

On May 10, 2011, the Court heard argument on Defendant's motion in limine to exclude or limit the testimony of Mr. Heimer as an expert witness. The Defendants and Third Party Defendants argued in part, that because the expert was not disclosed in a timely manner and because they were not given the opportunity to depose him, his testimony at trial should be precluded. The Court denied this motion and ordered Plaintiff's counsel to produce Mr. Heimer for deposition by the Defendant and Third Party Defendant. The parties stipulated that Plaintiff's counsel would produce Mr. Heimer for deposition on May 16, 2011.

On May 12, 2011, Plaintiff's counsel informed the Defendant and Third Party Defendant that Mr. Heimer had died approximately one and a half years ago. By letter dated May 12, 2011, Plaintiff's counsel advised the Court and counsel that his expert had died and that he now wished to substitute a new expert, Harold Krongelb-Heimer ("Mr. Krongelb-Heimer"), P.E., for use at trial. Mr. Krongelb-Heimer is the son-in-law of Mr. Heimer. The Court directed Plaintiff to have his new expert prepare a report that was limited in scope to the conclusions reached by Mr. Heimer's 2003 report, and to provide it to counsel in advance of the deposition of Mr. Krongelb-Heimer on May 16, 2011.

On May 16, 2011, Plaintiff's counsel served the report of Mr. Krongelb-Heimer to the Court and counsel. This report asserted claims under different New York City Administrative Code provisions and under different theories than those claimed to be at issue in Plaintiff's prior expert disclosure.

### III. Discussion

Plaintiff's counsel was explicitly directed to have Mr. Krongelb-Heimer prepare a new report which was limited in scope to Mr. Heimer's conclusions in his 2003 report. In violation of this directive, Mr. Krongelb-Heimer's report expounds new theories of liability, includes references and analysis regarding four additional sections of the New York City Administrative Code, and cites to some 95 building violations, including two violations in 2000 (two years after Plaintiff's injury), in coming to his conclusion. As such, Mr. Krongelb-Heimer's testimony at trial on this new information is hereby precluded. Mr. Krongelb-Heimer's testimony at trial shall be limited to the conclusions reached by his father-in-law, Mr. Heimer in his 2003 report – namely that "by not maintaining the premises in a safe manner and by not prohibiting access to the area where Mr. Kim fell, the owner was not maintaining his building in a manner proscribed by the New York City Building Code [Sections 27-127 and 27-128]." (Expert Report of Richard Heimer dated Sept. 22, 2003 at 4.)

### IV. Conclusion

For the foregoing reasons, Defendant's motion to limit Mr. Krongelb-Heimer's testimony at trial is granted. Defendant and Third Party Defendant's motion to preclude Mr. Krongelb-Heimer from testifying at trial is denied for the reasons previously stated by this Court at the telephone conference held on May 12, 2011.

SO ORDERED

Dated: New York, New York

May 20, 2011

/s/ Robert P. Patterson

Robert P. Patterson, Jr.

U.S.D.J.

4

*Copies of this Order sent to:*

<u>Counsel for the Plaintiff</u>

**Daniel D. Kim**
Law Offices of Daniel D. Kim
350 Fifth Ave. Suite 4610
New York, NY 10118
(212)643-0090


<u>Counsel for the Defendants/Third Party Plaintiffs</u>

**Patrick Joseph Crowe**
Crowe & Fassberg P.C
3000 Marcus Avenue Suite 1E5
Lake Success, NY 11042
(516)-570-4012


<u>Counsel for Third Party Defendant</u>

**Patrick J. Cooney**
Ahmuty, Demers & McManus, Esqs.
200 I.U. Willets Road
Albertson, New York, 11507
(516)535-2411